

**SO ORDERED.**
**SIGNED this 1st day of November, 2016**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____

/s/ Shelley D. Rucker
**Shelley D. Rucker**
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 13 |
| Andrew Wayne Curtis, | ) | No. 1:16-bk-10523-SDR |
| Debtor; | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| J & L Holding Company, | ) | Adversary Proceeding |
| Plaintiff | ) | No. 1:16-ap-01013-SDR |
| | ) | |
| v | ) | |
| | ) | |
| Andrew Wayne Curtis, | ) | |
| Defendant. | ) | |

**MEMORANDUM**

The Defendant-Debtor, Andrew Curtis, filed a motion in this proceeding seeking among

other things an injunction of any further proceeding against him in the Chancery Court of

Bradley County, Tennessee. Plaintiff, J & L Holding Company, has responded. This court has jurisdiction under 28 U.S.C. 1334 and 157(b)(2)(A) and (O).

These are the court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052. It appears from the record that:

1. A lawsuit was filed by Lawson Electric Company, Inc. against Andrew Curtis and J & L Holding, Inc. in the Chancery Court of Bradley County, Tennessee. Docket No. 2015-CV-206. J & L filed a response seeking a judgment against Curtis for any amount awarded against it.

2. The Debtor filed bankruptcy on February 9, 2016. (*In re Curtis*, no. 1:16-bk-10523-SDR.)

3. Lawson Electric filed a motion for relief from the automatic stay on February 16, 2016. (*In re Curtis*, docket no. 16.) An agreed order was entered resolving the motion on April 11, 2016 which provided that Lawson Electric could take a default judgment against the Debtor in its state court action and continue to pursue whatever rights were available to it against J & L Holding Company, Inc. (*In re Curtis*, docket no. 41.) Lawson was prohibited from taking any further action against the Debtor without a further order from this court. In July of 2016, Lawson Electric filed an amended verified complaint. (Doc. no. 29, Ex. C.)

4. J & L Holding has never sought relief from the automatic stay in this case. To the contrary, J & L has chosen to pursue an objection to the dischargeability of its claims against the Debtor in this adversary proceeding.

5. After J & L filed this adversary proceeding, Lawson Electric filed an amended complaint in the Chancery Court. (Doc. no. 29, Ex. C.) The Chancery Court amended complaint requests a judgment against the Debtor for $38,157.00 with interest at the rate of 18% and attorney fees and costs pursuant to T.C.A. 66-34-602. (*Id.*) It seeks a lien in this amount on the

property owned by J & L and an execution and levy on that lien. (*Id.*) If the sale of the property is not sufficient to make Lawson Electric whole, then the Chancery Court amended complaint also seeks a judgment against J & L in quantum meruit. (*Id.*)

6. J & L has responded to the Chancery Court amended complaint and also filed a cross-complaint against Curtis Construction, a trade name used by the Debtor. (Doc. No. 29, Ex D.)

Analysis

11 U.S.C. 362(a)(1) provides that a bankruptcy petition operates as a stay of any continuation of a judicial proceeding against the debtor. While the court may grant relief for cause shown pursuant to 11 U.S.C. 362(d) or abstain upon a timely request under 28 U.S.C. 1334(c) to allow a pending state court matter to proceed, the Plaintiff has not requested either form of relief and has proceeded to assert these claims against the Debtor. Such action violates the bankruptcy stay.

The Plaintiff contends that its claims against the Debtor may be prejudiced by res judicata if it is not allowed to amend its answer and file a third party complaint. The court does not find this reason to be sufficient to deny the Debtor's motion. If the Plaintiff believed it needed relief, it should have filed a motion before violating the stay.

Based on the foregoing findings of fact and conclusions of law the Defendant's motion will be granted and the Plaintiff will be ordered to cease any further pursuit of its claims against the Defendant in the Chancery Court of Bradley County, Tennessee. The court will also set a show cause hearing to determine whether further relief for this contempt should be granted.

A separate order will enter.

\* \* \*